IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Case No. 07-cr-00504-WYD

UNITED STATES OF AMERICA,

Plaintiff,

v.

GENEVA SANCHEZ,

Defendant.

_____

ORDER
_____

This matter arises on the **Government's Motion for Review of Bond Conditions** [Doc. # 42, filed 1/11/2010] (the "Motion"). I held a hearing on the Motion on January 26, 2010, and heard the arguments of counsel. The Motion is GRANTED; the defendant's bond is REVOKED; and the defendant is REMANDED to the custody of the United States Marshal pending further proceedings.

The defendant was charged by an indictment with six counts of Theft of Public Money. Indictment [Doc. # 1, filed 12/17/2007]. A warrant was issued for her arrest on December 17, 2007. [Doc. # 2.] She was arrested in Nebraska in April 2009. The defendant pled guilty to Count 1 of the indictment on January 26, 2010, and is scheduled to be sentenced on April 30, 2010.

The defendant initially was detained based on a risk of non-appearance. Order of Detention [Doc. # 12]. Subsequently, the government withdrew its request for detention, and the defendant was released on a $25,000 unsecured bond with conditions, including electronic

monitoring and home detention at her daughter's residence in Pueblo, Colorado. Order Setting Conditions of Release [Doc. # 18].

In July 2009 the condition of home detention was removed. Order [Doc. # 25, filed 7/21/2009]. On December 2, 2009, the conditions of release were again modified, without objection, to require the defendant to reside in a halfway house. Placement in the halfway house was necessary because the defendant's daughter, with whom she had been living, sold her home and moved to Washington state. The defendant had no place to live, and the halfway house was the only alternative.

The defendant is in extreme ill-health. Among other things, she has reported blood in her urine; she suffers back pain; and she is generally non-ambulatory as a result of swelling in her feet and legs. As a result of her ill-health, the defendant has not sought or obtained employment, in violation of the terms of her release and the rules of the halfway house. She has made numerous trips to the emergency room, which unreasonably burdens the halfway house staff, leaves the facility short-handed, and creates a security risk to the other residents of the halfway house, its staff, and the public. Despite commendable efforts, the Probation Department has been unable to find any other facility where the defendant can reside and her needs can be met; notably, the defendant's ill-health prevents her from qualifying for programs such as the Colorado House and Resource Center, the Salvation Army Transitional Housing Program, and the Open Door Ministries residential program. The defendant has requested placement in a "no cost" nursing home facility, but no such program has been identified. The defendant reports that she is unable to obtain any residential assistance from her family.

The defendant opposes the government's Motion, stating:

> Defendant is hard put to suggest what condition would assure her appearance in view of her striking lack of resources.
>
> \* \* \*
>
> The problem . . . with the Court's looking to remedy the apparent paucity of conditions which can assure Defendant's appearance by ordering her to be placed into custody, is that she could easily serve more time in confinement awaiting disposition or trial than she would receive as a sentence. . . .
>
> It would be unduly harsh and unnecessarily punitive for the Court to deprive Defendant of her personal liberty so that she appears in Court when the matters pending in Court involve such relatively modest risk of incarceration.  On the other hand, the parties entered into the agreement resulting in the December 2, 2009, modification of the conditions of bond so that the Defendant would not be rendered homeless while the instant matter is pending.  In the opinion of [defense counsel], the Court is eventually going to have to balance the cost/benefit of homelessness against custody.

Response [Doc. # 46, filed 1/15/2010] at ¶¶1, 4-5.  Homelessness, however, is no option, particularly in view of the defendant's vulnerability due to her ill-health.

Finally, I note that I was able to assure the defendant's appearance at her change of plea hearing before the district judge and before me at the hearing on the government's Motion only by ordering the Probation Department to transport her to court, an activity clearly beyond the scope of its responsibilities.

Section 3142(f)(2)(B), 18 U.S.C., provides:

> The [detention ]hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

The government has presented new evidence sufficient to justify reopening the detention

issue, including the defendant's admitted inability to appear for court dates as ordered, ill-health, inability to comply with the terms of her release and the rules of the halfway house, and lack of any available placement option.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person including–
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

I find by a preponderance of the evidence, based on the facts recited above, that no condition or combination of conditions of release will reasonably assure the defendant's appearance at future court dates. I find further, based on clear and convincing evidence, that the

defendant's continued placement at the halfway house creates a condition which jeopardizes the safety of the residents and staff of the halfway house and the public at large. Under the totality of the circumstances, I find that there are no conditions or combination of conditions of release that will reasonably assure the appearance of the defendant as required and the safety of the community.

IT IS ORDERED that the Motion [Doc. # 42] is GRANTED; the defendant's bond is REVOKED; and the defendant is remanded to the custody of the United States Marshal pending further proceedings.

Dated January 28, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge